THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYMAN KORAN, Appellant.

Beldock, P. J., Brennan, Hopkins and Nolan, JJ., concur: Benjamin, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: Apart from defendant's alleged admissions to obviously biased witnesses, I believe the proof in this arson case was inadequate to show that a crime had been committed i.e., that the fire had been intentionally set. The main other proof came from a supposed eyewitness and a Fire Marshal. The eyewitness did not disclose his presence at the scene to the police until almost two and a half years after the fire; and he testified that the fire started in a stockroom in the premises. The Fire Marshal testified that the fire started in an outer office, not the stockroom, and that he found nothing unusual on the premises when he investigated the fire. It seems obvious that the Fire Marshal's report (the contents of which were excluded from evidence by the trial court) stated that the fire was not of incendiary origin. Absent adequate other proof that a crime had been committed, the defendant's admissions are insufficient to support his conviction (Code Crim. Pro., § 395). Apart from the foregoing, I think reversible errors were committed in the exclusion of certain evidence. On cross-examination of the Fire Marshal, who had been called by the People, he was asked if he had seen any evidence that the fire had been intentionally set; the prosecutor's objection to that question was sustained, apparently on the ground that it called for an opinion. I think that question was proper and should have been allowed. In my view, the question called for facts, not an opinion. If it be construed as calling for an opinion, it might perhaps have been improper if asked on direct examination on the People's case in order to establish guilt, but I do not think it was improper when asked on the cross-examination of a prosecution witness in order to negate the People's basic contention that the fire had been intentionally set. Similarly, I believe it was reversible error to bar another question asking the Fire Marshal what he had said in his investigation report, since he was a prosecution witness then being cross-examined by the defense, and the contents of his report would seem to be a proper subject for cross-examination. For these reasons, I think the judgment should be reversed and a new trial granted.